ERNEST FIEDLER & another *vs.* JOSEPH SMITH & another.

A demand of performance of a contract in writing, calling it a bond, is sufficient, if both parties understand the demand to refer to the contract.

Where an officer, having served a writ of replevin, allowed the property replevied, as the special agent of the plaintiff, to remain in the possession of a third person, who made an agreement in writing, not under seal, with the officer, to redeliver the property to him on demand, and to guarantee to him, *as the agent of the plaintiff*, a reasonable rent for the use thereof in the mean time, and the plaintiff brought an action on the contract in his own name; it was held, that the contract was made with the officer, as the agent of the plaintiff, and that the bringing of the action thereon was a ratification of the agency.

A written contract may, in general, be given in evidence in support of a declaration on a contract not alleged to be in writing.

An officer who, after serving a writ of replevin, allows, as agent of the plaintiff, the property replevied to remain in the possession of a third person, taking his agreement to account therefor, is a competent witness for the plaintiff in an action brought by the latter on the agreement.

THIS was an action of assumpsit on a contract hereinafter set forth. The plaintiffs sued out a writ of replevin against Ansel Carpenter and others, which they placed in the hands of Robert Sherman, a deputy-sheriff, for service, and replevied thereon certain articles of property in the possession of Carpenter and others, at their print works in Attleborough. The officer, after service of the writ of replevin, allowed the goods replevied to remain in the print works for use, at the request of the defendants, and upon their signing an instrument of which the following is a copy : —

" Whereas, Robert Sherman, a deputy-sheriff within and for the county of Bristol, under Horatio L. Danforth, Esq., sheriff of said county, has this day taken by virtue of a writ of replevin, in which Ernest Fiedler and Eugene Dutilh, are plaintiffs and Ansel Carpenter, George Crawford, and Nathaniel C. Dana, are defendants, the following goods and chattels, for safe keeping, to wit . one calender, thirty-five copper rollers, one cloth press, one squeezer, one printing machine, one forcing machine, and one winding machine, said writ of replevin is returnable to

Fiedler & another *v.* Smith & another.

the court of common pleas next to be holden at New Bedford on the second Monday of June next, all of which goods and chattels are now in the print works of the said defendants, in Attleborough, in said county, and in use by the defendants in running said print works, and to remove the same would be an injury to the operation of said works. And whereas, the said Sherman, as the special agent of the plaintiffs, is willing that said replevied goods and chattels should remain in use in said works until the final issue of said suit, upon sufficient security being given him that in the event of said suit, if the plaintiffs shall make out a good title to, and recover all or any part of said goods and chattels, that the same or such part as they may recover shall be delivered to him or his executors or administrators, on demand, and also that a reasonable rent for the use and improvement of all or such part as they, the plaintiffs, may recover, from the day of the service of said writ to the time of said demand for delivery, shall be paid to the plaintiffs upon delivering up the goods and chattels recovered. upon said demand : Now know ye that we, the subscribers, being desirous that said works should not be stopped, inasmuch as such stopping would operate greatly to the disadvantage of all persons having their printing done there, do hereby agree with the said Sherman, that if he will permit said articles to remain where they now are, and in the use of the runners of said print works, until the final issue of said writ of replevin, and judgment shall be rendered that all or any part of said replevied goods and chattels belong to the plaintiffs they will, upon demand made by said Sherman, his executors or administrators, for whatever may be recovered upon said judgment, deliver the same to the said Sherman in as good order and condition as they now are, reasonable wear by use excepted, and will guarantee to him, as the agent of the plaintiffs, the payment of the reasonable rent for such use from the time of said service to the time of the demand. It is understood by the parties that this instrument is to have no bearing as to the defendants in said suit, nor to the rights of any party or parties or subscriber who now claim or may hereafter claim any or all said property, this being only to be understood as an indemnity to said Sherman for permitting said goods and chattels to remain where they now are, and to secure a reasonable rent to the plaintiffs for all or such parts of said goods and chattels as may be adjudged to belong to them, in the final issue of said action of replevin, and that such part as the plaintiffs may not recover in said suit being left where they now are, shall be equal to a delivery of the same to the defendants, and be a full justification to the said Sherman for not returning the same according to plaintiffs' bond.

" In witness whereof we have hereunto set our hands, this twenty-eighth day of February, eighteen hundred and forty-six. JOSEPH SMITH.
" Witness, JOHN T. McLEALEE. ALBERT BLISS."

The present action was brought on this contract, to recover the value of a printing machine and cloth press, two of the articles replevied by the plaintiff, and enumerated in the contract. At the trial before *Hoar*, J., in the court of common pleas, the plaintiffs, to prove the execution of the instrument by the defendants, called the officer who served the writ, and to whom the contract was made, and he was admitted as a witness, against the defendants' objection.

Fiedler & another *v.* Smith & another.

The defendants then objected to the admission of the contract to prove the declaration, for the reasons, that the declaration did not set forth a contract in writing, and that the contract.was made with Sherman and not with the plaintiffs ; but the court overruled the objections, and admitted the instrument in evidence.

To prove a demand, upon the defendants, of the articles sued for, the same officer was called as a witness, and .testified as follows : " I went to Smith, one of the defendants, to demand a return of the property. I said to him that I had come to make a demand, and made a demand, for a return of the articles named in the bond which he had given me. Smith said he wished to be satisfied, whether he was legally bound to return the property or pay for it."

The defendants objected, that this was not a sufficient demand to enable the plaintiff to maintain this action ; but the presiding judge left it to the jury to determine, whether, under all the circumstances, the demand was sufficient, instructing them, that if it was understood, both by the witness and the defendant Smith, to refer to the contract above set forth, calling it a bond would make no difference. The jury returned a verdict for the plaintiffs, and the defendants excepted.

*T. G. Coffin,* for the defendants, to the point that Sherman was directly interested in the event of the suit, and therefore an incompetent witness, cited *Emerton* v. *Andrews,* 4 Mass. 653 ; *Miller* v. *Falconer,* 1 Camp. 251 ; *Marland* v. *Jefferson,* 2 Pick. 240 ; 3 Stark. Ev. 164 – 167 ; *Bland* v. *Ansley,* 2 N. R. 331 ; *New York Slate Co.* v. *Osgood,* 11 Mass. 60 ; and to the point that there was a variance between the contract declared on and that given in evidence, 1 Chit. Pl. (6th Amer. ed.) 256, 332.

*H. G. O. Colby* and *C. B. Farnsworth,* for the plaintiffs. The plaintiff, by bringing this action, ratified the contract made by Sherman as his agent. *West Boylston Man. Co.* v. *Searle,* 15 Pick. 225 ; 2 Greenl. Ev. § 66. This action was rightly brought in the name of the plaintiff. Story, Ag. § 420 ; *Arnold* v. *Lyman,* 17 Mass. 400 ; *Boston* v. *Schaffer,* 9 Pick. 415 ; *Felton* v. *Dickinson,* 10 Mass. 287 ; *Cabot* v. *Haskins,* 3 Pick. 83

Sherman was a competent witness.    1 Greenl. Ev. §§ 396, 416, 417.    The contract was properly admitted in evidence, although not stated in the declaration to be in writing.    1 Chit. Pl. (6th Am. ed.) 322, 333, and cases cited in notes; *Nelson* v. *Dubois*, 13 Johns. 175; *Elting* v. *Vanderlyn*, 4 Johns. 237; *Miller* v. *Drake*, 1 Caines, 45.    The demand was sufficient. 1 Chit. (6th Am. ed.) 182; *Watt* v. *Potter*, 2 Mason, 77, 81; *Griswold* v. *Plumb*, 13 Mass. 298; *Logan* v. *Houlditch,* 1 Esp. 22; *Thompson* v. *Shirley,* 1 Esp. 31; *Smith* v. *Young,* 1 Camp. 439; *Heard* v. *Lodge*, 20 Pick. 53.

METCALF, J.    The main question in this case is, whether the action is rightly brought by the plaintiffs, or should have been brought by Sherman.    And this depends on another question, namely, whether the contract was made with the plaintiffs or with Sherman only.    If it was made with the plaintiffs, doubtless they may sue in their own names for a breach of it.

In Addison on Contracts, 257, the law on this subject, applicable to simple contracts, is thus stated : " If a person, on the face of a written document, appears to be an agent, contracting on behalf of a named principal, the contract is, in contemplation of law, made with the principal, from whom the consideration moves, and who is the really contracting party, and not with the mere agent or instrument of communication, unless the latter has himself an interest in the contract."    The same position, substantially, is found in other books, and is fully sustained by adjudged cases.    See *Abbey* v. *Chase*, (ante, 54.)

The contract, on which this action is brought, recites that Sherman, " as the special agent of the plaintiffs," was willing that the replevied articles should remain in use in the print works, until the final issue of the replevin suit, on certain specified terms ; and the defendants agreed with him, that if he would permit those articles to remain in use, where they then were, until the final issue of said suit, the defendants would, upon demand made by him, deliver to him such of those articles as should be adjudged to belong to the plaintiffs, and would guaranty to him, " as the agent of the plain-

tiffs," payment of a reasonable rent for such use of said articles.

This seems to us to be, on the face of it, a contract with Sherman, as the plaintiffs' agent; and therefore, in contemplation of law, it is a contract with the plaintiffs, and they are entitled to maintain an action on it, in their own names. By thus bringing the action, they have ratified Sherman's agency. The contract was therefore rightly admitted in evidence, as a contract with the plaintiffs.

The authorities cited by the plaintiffs' counsel show that Sherman was rightly admitted as a witness, and that the instructions to the jury, concerning the demand made on the defendants, were correct. And there can be no doubt as to the admissibility of a written contract in evidence, to prove the contract declared on, though the declaration does not aver that it was in writing. It is generally unnecessary, in declaring on a simple contract which is in writing, to allege it to be so. This allegation is not required, even in declarations on contracts that are within the statute of frauds.

*Exceptions overruled.*